IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN K. SMEJA                                                                                    PLAINTIFF

vs.                                           Civil No. 3:15-cv-03109

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

John K. Smeja ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability application on September 11, 2013.  (Tr. 11).  In his application, Plaintiff alleges being disabled due to left ankle fracture, left hip fracture, knee pain, sleep apnea, hypertension, and dyslexia.  (Tr. 169).  Plaintiff alleges an onset date of July 27, 2011.  (Tr. 11).  This application was denied initially and again upon reconsideration.  (Tr. 83-88).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

application, and this hearing request was granted. (Tr. 89-90). Thereafter, on December 9, 2014, the ALJ held an administrative hearing on Plaintiff's application. (Tr. 23-55). At this hearing, Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Juanita Grant testified at this hearing. *Id.* During this hearing, Plaintiff testified he was fifty-three (53) years old and had a high school diploma (Tr. 30).

On June 26, 2015, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 11-18). In this decision, the ALJ determined Plaintiff met the insured status of the Act through March 31, 2017. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 27, 2011. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease, osteoarthritis, sleep apnea, left ankle fracture, and left hip fracture. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-16). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except he could occasionally climb ramps and stairs; could never climb ladders, ropes, and scaffolds; could occasionally operate foot controls with the left foot; and was limited to performing jobs that did not require complex written communication. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 6). The ALJ

found Plaintiff unable to perform his PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16, Finding 10). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) small products assembler with 206,600 such jobs in the nation and 2,340 such jobs in the state, (2) furniture rental clerk with 430,700 such jobs in the nation and 3,390 such jobs in the state, and (3) information clerk with 973,000 such jobs in the nation and 7,610 such jobs in the state *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 27, 2011 through the date of the decision. (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On November 3, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 3, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.**     **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 10.  Specifically, Plaintiff claims the following: (1) the ALJ erred in evaluating his RFC and (2) the ALJ erred in evaluating his severe impairments.  *Id.* Because the Court finds the ALJ erred by failing to find his knee pain was a severe impairment, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have

been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to bilateral knee pain. In July of 2011, Plaintiff was thrown from the horse and landed on his left hip. (Tr. 257, 276). Plaintiff suffered a blowout fracture of the posterior acetabulum and had surgery on August 9, 2011. (Tr. 286-290). Plaintiff had several follow-up visits with his surgeon. On October 3, 2011 Plaintiff complained of left knee pain. (Tr. 309). On February 2, 2012, almost six months following surgery, Plaintiff was seen again with knee pain. (Tr. 318).

On July 2, 2012, Plaintiff was admitted to the Baxter Regional Medical Center after tripping and fracturing his left ankle. An x-ray showed a bimallcolar fracture/subluxation. (Tr. 333-377). Plaintiff underwent an open reduction internal fixation of the fracture. *Id.*

Dr. Shannon Brownfield performed a consultative physical examination of Plaintiff on November 25, 2013. (Tr. 396-400). Dr. Brownfield indicated Plaintiff had left hip fracture and surgery with daily pain along with left ankle fractures and surgeries with daily pain in that joint as well. *Id.* Plaintiff was also experiencing bilateral knee pain after walking. *Id.* On examination, Plaintiff's left hip, knee and ankle were all limited in range of motion with pain and his right knee was limited to 120 degrees flexion. (Tr. 398).

Based upon these records, the Court finds this evidence is sufficient to meet the lower standard for demonstrating Plaintiff's knee pain as "severe." Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

6

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of October 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
